IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,148-02






EX PARTE JOHNNY ERVIN EPPS, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-890453 IN THE 163
RD JUDICIAL DISTRICT COURT


FROM ORANGE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to twenty years' imprisonment. 

 Applicant's application raises the issue of whether he is being improperly denied credit for
time spent on parole release prior to revocation. In addition, Applicant alleges that his parole was
revoked without a hearing. Applicant has alleged facts that, if true, might entitle him to relief. Ex
parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. 

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and/or the Texas Department of Criminal
Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the dates
upon which Applicant was released to any period of parole or mandatory supervision, and the dates
of the issuance of any revocation warrants leading to the revocation of such parole or mandatory
supervision. The affidavit should also state whether Applicant was afforded a parole revocation
hearing, and if not, why not. The affidavit should state whether Applicant is serving a sentence for
or has previously been convicted of an offense which was listed in Tex. Gov't Code § 508.149(a)
at the time of Applicant's revocation. The affidavit should also address how much time was
remaining on this sentence on the date that Applicant was released on parole, and how much time
Applicant spent on release before the issuance of the revocation warrant. The affidavit should state
whether or not Applicant is receiving credit for any of the time spent on parole. Finally, the affidavit
should indicate whether or not Applicant has submitted his claim to the time credit resolution system
of TDCJ, and if so, the date when the claim was submitted. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The
trial court shall then make findings as to whether Applicant is eligible to earn street time credit, and
if so, whether he is entitled to credit for time he was released on parole. The trial court shall also
make findings as to whether Applicant is receiving the proper amount of time credit for that time. 
The trial court shall make findings as to whether Applicant received a parole revocation hearing prior
to the revocation of his parole, and if not, why not. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 13, 2006

Do not publish